| | |
|---|---|
| DISTRICT COURT, BROOMFIELD COUNTY, STATE OF COLORADO<br>17 Descombes Drive<br>Broomfield, Colorado 80020<br>Tel: (303) 464-5020 | DATE FILED: April 7, 2022 12:31 PM<br>FILING ID: 117D4CDDACD5E<br>CASE NUMBER: 2022CV30099 |
| DAVID PEAVY<br>**Plaintiff,**<br><br>v.<br>RENEWABLE ENERGY SYSTEMS AMERICAS INC.<br>**Defendants.** | |
| *Attorneys for Plaintiff*:<br>Sean T. Olson, Esq. (#38017)<br>Phillip J. Meinkoth, Esq. (#56838)<br>Olson Law Firm LLC<br>1536 Cole Boulevard, Suite 170<br>Golden, CO 80401<br>Phone:      (303) 586-7297<br>Facsimile:  (303) 586-7298<br>Email:        sean@olsonlawfirm.com<br>Email:        phil@olsonlawfirm.com | ▲ COURT USE ONLY ▲<br>_____<br><br>Case No.:<br><br>Div.: |
| **SUMMONS – RENEWABLE ENERGY SYSTEMS AMERICAS INC.** | |

**TO THE ABOVE-NAMED DEFENDANT**:

Renewable Energy Systems Americas Inc.
c/o CT Corporation System, Registered Agent for Service
7700 E. Arapahoe Road, Suite 220
Centennial, CO 80112-1268

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied by the applicable filing fee. If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment against you for the relief demanded in the Complaint without further notice.

The following documents are also served with this summons: (1) District Court Civil Case Cover Sheet; (2) Complaint and Jury Demand.

Dated this 7th day of April 2022.

Respectfully submitted,

Sean T. Olson
Olson Law Firm, LLC

/*s/ Sean T. Olson*_____
Sean T. Olson, Esq. (#38017)
*Attorney for the Plaintiff David Peavy*

Phillip J. Meinkoth
Olson Law Firm, LLC

/s/ *Phillip J. Meinkoth*
Phillip J. Meinkoth, Esq. (#56838)
*Attorney for the Plaintiff David Peavy*

2

| | |
|---|---|
| DISTRICT COURT, BROOMFIELD COUNTY, STATE OF COLORADO<br>17 Descombes Drive<br>Broomfield, Colorado 80020<br>Tel: (303) 464-5020 | DATE FILED: April 7, 2022 12:31 PM<br>FILING ID: 117D4CDDACD5E<br>CASE NUMBER: 2022CV30099 |
| DAVID PEAVY<br>**Plaintiff,**<br><br>v.<br>RENEWABLE ENERGY SYSTEMS AMERICAS INC.<br>**Defendants.** | |
| *Attorneys for Plaintiff*:<br>Sean T. Olson, Esq. (#38017)<br>Phillip J. Meinkoth, Esq. (#56838)<br>Olson Law Firm LLC<br>1536 Cole Boulevard, Suite 170<br>Golden, CO 80401<br>Phone:       (303) 586-7297<br>Facsimile:   (303) 586-7298<br>Email:        sean@olsonlawfirm.com<br>Email:        phil@olsonlawfirm.com | ▲ COURT USE ONLY ▲<br>_____<br><br>Case No.:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW, Plaintiff David Peavy, by and through his attorneys, Olson Law Firm LLC, for his complaint and jury demand against Defendant Renewable Energy Systems Americas Inc. ("R.E.S."), states and alleges as follows:

**PARTIES JURISDICTION AND VENUE**

1. Plaintiff David Peavy is a citizen of the United States and a resident of the State of Alabama.

2. At all times relevant to this Complaint, David Peavy was an employee of Defendant Renewable Energy Systems Americas, Inc.

3. Defendant Renewable Energy Systems Americas, Inc. ("R.E.S.") is a Delaware corporation, registered in the State of Colorado, with a primary place of business in Broomfield, Colorado.

4. The events and circumstances resulting in this action result from Mr. Peavy's employment with Defendant R.E.S and the contractual obligations which arose therefrom.

5. Pursuant to C.R.C.P. 98(c)(1), jurisdiction and venue are proper in Broomfield County, State of Colorado, the location of Defendant R.E.S.'s primary place of business.

## **GENERAL ALLEGATIONS**

6. Plaintiff hereby incorporates by reference each and every other preceding paragraph, as though fully set forth herein.

7. Mr. Peavy began his employment with Defendant R.E.S. on July 8, 2019.

8. Defendant employed Mr. Peavy as an R.T. Crane Operator.

9. Before beginning employment, Mr. Peavy signed an offer of employment from Defendant R.E.S.

10. Before beginning employment, Mr. Peavy signed an acknowledgement of benefits form from Defendant R.E.S.

11. Mr. Peavy's offer of employment stated that Mr. Peavy would be eligible for the Defendant's employee benefit plan, paid for by the Defendant beginning the first of the month, following 30 days of employment.

12. Defendant's employee benefit plan included Short- and Long-Term Disability benefits in the event that Mr. Peavy suffered an injury or illness which prevented him from working.

13. According to Mr. Peavy's employment documents, in order to be eligible to obtain disability benefits, Mr. Peavy must regularly be scheduled to work more than 30 hours per week.

14. Throughout Mr. Peavy's employment with Defendant, Defendant regularly scheduled Mr. Peavy to work more than 30 hours per week.

15. By the terms of Mr. Peavy's employment agreement, Mr. Peavy was entitled to R.E.S.-provided benefits beginning on Sept. 1, 2019, at the latest.

16. Defendant R.E.S. provided Mr. Peavy with an employment handbook, which detailed the Short- and Long-Term disability benefits for which Mr. Peavy was entitled.

17. Defendant's Employee Handbook states that employees unable to perform their duties for a continuous 90-day period due to qualifying illness or injury are entitled to Long Term Disability Benefits.

18. On April 16, 2020, Mr. Peavy was in Cheyenne, Wyoming, as part of an R.E.S. crew erecting windmill towers in the area.

19. On the evening of April 16, 2020, while off the clock, Mr. Peavy sustained catastrophic injuries while staying in a hotel that Defendant R.E.S. had arranged for Mr. Peavy.

20. As a result of his catastrophic injuries, Mr. Peavy was unable to work for over 90-days. Mr. Peavy continues to be unable to return to work as a result of his injuries.

21. Mr. Peavy applied for Short- and Long-Term Disability Benefits, to which he was entitled, pursuant to his employment agreement.

22. Defendant denied Mr. Peavy disability benefits.

23. Representatives from Defendant R.E.S.'s Human Resource department stated that Mr. Peavy was not eligible to receive the Long-Term Disability benefits.

24. Representatives from Defendant R.E.S.'s Human Resource department stated that Mr. Peavy was not eligible for benefits because of his classification as an hourly employee.

25. Defendant R.E.S.'s denial based on Mr. Peavy's classification as an hourly employee is directly contradictory to the explanation of benefits provided to Mr. Peavy by Defendant R.E.S. in its employee handbook.

26. As a result of Defendant's denial of Mr. Peavy's benefits, Mr. Peavy has sustained damages.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

27. Plaintiff hereby incorporates by reference each and every other preceding paragraph, as though fully set forth herein.

28. Mr. Peavy and Defendant R.E.S. entered into an employment agreement.

29. The agreement constituted a legal contract.

30. Under the terms of this employment agreement, Mr. Peavy was eligible for Short- and Long-Term Disability benefits in exchange for Mr. Peavy's performance of his job duties at the direction of Defendant.

31. Mr. Peavy fully performed his obligations under his employment contract.

32. Defendant regularly scheduled Mr. Peavy to work for 30 hours or more per week.

33. Mr. Peavy regularly worked more than 30 hours every week.

34. When Mr. Peavy sustained injuries and attempted to claim his Short- and Long-Term Disability benefits, Defendant R.E.S. failed to perform its obligations under Mr. Peavy's employment contract.

35. Defendant R.E.S. failed to perform its obligations by failing to properly investigate Mr. Peavy's claim for Short- and Long-Term disability benefits, failing to provide Mr. Peavy with an explanation for its denial of benefits, and failing to provide Mr. Peavy the benefits to which he was entitled.

36. As a direct result of Defendant's failures Mr. Peavy was unable to collect disability benefits.

37. As a result of being unable to collect disability benefits, Mr. Peavy suffered damages.

## SECOND CLAIM FOR RELIEF
**(Promissory Estoppel)**

38. Plaintiff hereby incorporates by reference each and every other preceding paragraph, as though fully set forth herein.

39. Defendant R.E.S. provided Mr. Peavy with information surrounding the company's Short- and Long-Term disability benefits prior to his operative employment date of July 8, 2019.

40. Mr. Peavy's employment information stated, in part, that Mr. Peavy would be eligible for Defendant's employee benefit plan, subsidized by Defendant beginning the first of the month, following 30 days of employment if Mr. Peavy regularly was scheduled to work more than 30 hours per week.

41. Defendant's employment documents constitute a promise to provide Short- and Long-Term Disability benefits if Mr. Peavy met the requisite 30 hours per week requirement.

42. Mr. Peavy was regularly scheduled to work more than 30 hours per week.

43. Mr. Peavy regularly worked more than 30 hours per week.

44. Defendant R.E.S. knew or should have known that Mr. Peavy would act in reliance on Defendant R.E.S.'s promise to provide Short- and Long- Term disability benefits in the event that Mr. Peavy was injured and unable to work.

45. Mr. Peavy detrimentally relied on this promise by engaging in employment with Defendant.

46. Defendant failed to honor its promise to provide Short- and Long-Term disability benefits to Mr. Peavy, despite his catastrophic injuries.

47. As a direct result of Defendant R.E.S. failure to honor their promise, Mr. Peavy was unable to collect disability benefits when he became disabled.

48. As a result of being unable to collect disability benefits, Mr. Peavy suffered significant financial damages.

## DAMAGES

49. Plaintiff hereby incorporates by reference each and every other preceding paragraph, as though fully set forth herein.

50. As a result of Defendant R.E.S. bad faith actions and failure to perform its obligations under its employment contract, Mr. Peavy was unable to acquire financial support owed to him to help cover his substantial medical and living expenses.

51. As a direct result of Defendant's actions, Mr. Peavy suffered significant damages.

WHEREFORE, Plaintiff David Peavy prays for judgment against Defendant Renewable Energy Systems Americas, Inc. in an amount to fully compensate him for his damages and losses to be proven at trial, including but not limited to, economic damages and losses, costs, expert fees, two times the covered benefit pursuant to C.R.S. §10-3-1116, attorney fees, and all interest permitted under Colorado law and any other relief the Court deems just and appropriate.

## JURY DEMAND

**PLAINTIFF REQUESTS A TRIAL BY JURY OF SIX (6) PERSONS.**

Dated this 7th day of April 2022.

Respectfully submitted,

Sean T. Olson
Olson Law Firm, LLC

/*s/ Sean T. Olson*_____
Sean T. Olson, Esq. (#38017)
*Attorney for the Plaintiff David Peavy*

Phillip J. Meinkoth
Olson Law Firm, LLC

/s/ *Phillip J. Meinkoth*
Phillip J. Meinkoth, Esq. (#56838)
*Attorney for the Plaintiff David Peavy*

5

EXHIBIT A

<u>Plaintiff's Address</u>:
40 Nanlin Drive
Monroeville, AL 36460