IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DAVID PEAVY ) | Civil Action No. 1:22-CV-1153 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RENEWABLE ENERGY SYSTEMS ) | |
| AMERICAS, INC.; and <u>HARTFORD LIFE</u> ) | |
| <u>AND ACCIDENT INSURANCE</u> ) | |
| <u>COMPANY</u> ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff David Peavy, by and through his attorneys, Olson Law Firm LLC, for his Second Amended Complaint and Jury Demand against Defendant Renewable Energy Systems Americas Inc. ("R.E.S.") and Defendant Hartford Life and Accident Insurance Company, states and alleges as follows:

**PARTIES JURISDICTION AND VENUE**

1. Plaintiff David Peavy is a citizen of the United States and a resident of the State of Alabama.

2. At all times relevant to this Complaint, David Peavy was an employee of Defendant Renewable Energy Systems Americas, Inc.

3. Defendant Renewable Energy Systems Americas, Inc. ("R.E.S.") is a Delaware corporation, registered in the State of Colorado, with a primary place of business in Broomfield, Colorado.

4. Defendant <u>Hartford Life and Accident Insurance Company is a Connecticut corporation, registered in the State of Colorado.</u>

5. At issue in this matter is a promise to pay disability benefits through an employee benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq.*

**Exhibit 1 - Plaintiff's Second Amended Complaint and Jury Demand**

6. The events and circumstances resulting in this action result from Mr. Peavy's employment with Defendant R.E.S and the contractual obligations which arose therefrom.

7. Defendant R.E.S. removed this case from Colorado State District Court to this Court.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c), because Defendant R.E.S. resides in this judicial district and a substantial part of the conduct giving rise to Plaintiff's claims occurred in this judicial district.

## GENERAL ALLEGATIONS

9. Mr. Peavy began his employment with Defendant R.E.S. on July 8, 2019.

10. Defendant employed Mr. Peavy as an R.T. Crane Operator.

11. Before beginning employment, Mr. Peavy signed an offer of employment from Defendant R.E.S.

12. Before beginning employment, Mr. Peavy signed an acknowledgement of benefits form from Defendant R.E.S.

13. Mr. Peavy's offer of employment stated that Mr. Peavy would be eligible for the Defendant's employee benefit plan, paid for by the Defendant beginning the first of the month, following 30 days of employment.

14. Mr. Peavy was provided a copy of the Employee handbook, which stated that Defendant R.E.S. provided short- and long- term disability benefits to all employees scheduled to work more than 30 hours per week.

15. Mr. Peavy was not provided a copy of Defendant R.E.S.'s Short Term Disability plan at the time of his employment.

16. Mr. Peavy was not provided a copy of Defendant R.E.S.'s Long Term Disability plan at the time of his employment.

17. Throughout Mr. Peavy's employment with Defendant, Defendant regularly scheduled Mr. Peavy to work more than 30 hours per week.

18. By the terms of Mr. Peavy's employment agreement, Mr. Peavy was entitled to R.E.S.-provided benefits beginning on Sept. 1, 2019, at the latest.

19. Defendant R.E.S. provided Mr. Peavy with an employment handbook, which detailed the Short- and Long-Term disability benefits for which Mr. Peavy was entitled.

2

**Exhibit 1 - Plaintiff's Second Amended Complaint and Jury Demand**

20. Defendant's Employee Handbook states that employees unable to perform their duties for a continuous 90-day period due to qualifying illness or injury are entitled to Long Term Disability Benefits.

21. On April 16, 2020, Mr. Peavy was in Cheyenne, Wyoming, as part of an R.E.S. crew erecting windmill towers in the area.

22. On the evening of April 16, 2020, while off the clock, Mr. Peavy sustained catastrophic injuries while staying in a hotel that Defendant R.E.S. had arranged for Mr. Peavy.

23. As a result of his catastrophic injuries, Mr. Peavy has undergone multiple surgeries and has been under the care of multiple health providers.

24. As a result of his catastrophic injuries, Mr. Peavy was unable to work for over 90-days.

25. Mr. Peavy continues to be unable to return to work as a result of his injuries.

26. Mr. Peavy applied for Short- and Long-Term Disability Benefits, to which he was entitled, pursuant to his employment agreement.

27. Defendant denied Mr. Peavy disability benefits.

28. Representatives from Defendant R.E.S.'s Human Resource department stated that Mr. Peavy was not eligible to receive the Long-Term Disability benefits but did not indicate any specific reasons or provisions in its insurance policies which precluded him from benefits.

29. On September 13, 2021, counsel for Mr. Peavy sent a written request to Defendant R.E.S.'s Human Resources department, requesting "all plan documents, summary plan descriptions, and all insurance policies to which Mr. Peavy had access to as a benefit of working for Renewable Energy Systems."

30. Defendant's Senior Manager of Human Resources responded on September 20, 2021, and did not provide any requested documents, stating "Mr. Peavy was not eligible to receive these benefits, this request is not applicable and there is nothing to send to you."

31. Undersigned Counsel, acting on behalf of Mr. Peavy, sent follow up requests for information to Defendant's Human Resources manager.

32. Plaintiff continued to be denied access or copies Defendant R.E.S.'s disability benefit plan, with Defendant's Human Resource Manager stating, "I am not sure why Mr. Peavy thought he was eligible for those benefits, but he is incorrect in his thinking."

33. After a third request for clarification, Defendant R.E.S.'s Human resource manager provided a summary benefit guide, and Mr. Peavy's acknowledgement of benefits.

Neither of these documents provided Mr. Peavy with information about why he was denied and/or not eligible for long-term disability benefits.

34. Defendant R.E.S. never provided Mr. Peavy with any information about why the information provided in the employee handbook stating benefits would be made available to all employees who regularly work over 30-hours per week did not apply to him.

35. Mr. Peavy was not provided with any information related to an applicable appeal process.

36. On April 7, 2022, Plaintiff filed suit in State court for Breach of Contract and Promissory Estoppel, as more fully outlined below.

37. Defendant R.E.S. filed their notice of removal on 28 U.S.C. §1441(a) on May 9, 2022.

38. Attached to the Notice of Removal was Defendant R.E.S.'s disability benefit plan. This was the first time Mr. Peavy was provided a copy of this benefit plan.

39. <u>According to Benefit Plan provided by Defendant R.E.S. during the notice of removal, Hartford Life and Accident Insurance Company issued the insurance policy which underwrites the Long-Term Disability plan.</u>

40. Defendant R.E.S.'s disability plan states that all full-time active employees are eligible for coverage. The plan defines full-time employment as at least 30 hours weekly.

41. Defendant R.E.S.'s disability plan lists Defendant R.E.S. Americas Inc. as the Plan Administrator.

42. Mr. Peavy has repeatedly been denied long-term disability benefits without being provided any information surrounding an administrative remedy.

43. Mr. Peavy has exhausted all administrative remedies.

44. As a result of Defendant's denial of Mr. Peavy's benefits, Mr. Peavy has sustained damages.

45. As a result of Defendant's failure to provide Mr. Peavy with a copy of R.E.S.'s disability benefit plan, Mr. Peavy has sustained damages.

**FIRST CLAIM FOR RELIEF**
*ERISA §1132(a)(1)(B) – <u>Against Hartford Life and Accident Insurance Company & R.E.S.</u>*

46. Plaintiff hereby incorporates by reference each and every other preceding paragraph, as though fully set forth herein.

47. Mr. Peavy was an employee of Defendant R.E.S., regularly scheduled for over 30 hours per week.

48. Mr. Peavy was repeatedly denied benefits by the Senior Human Resources Manager of the Plan Administrator, R.E.S. America's Inc.

49. As part of these denials, ERISA and the Federal Regulations which govern, required Defendant R.E.S. to afford Mr. Peavy an opportunity for a full and fair review, to state the specific reasons for the adverse determination of benefits, to reference the specific plan provisions on which the determination was based, and provide Mr. Peavy with a description of any applicable appeals procedure which Mr. Peavy could pursue. 29 U.S.C. §1333(2); 29 C.F.R. §2560.503-1; *Sandoval v. Aetna Life & Casualty Ins*. Co., 967 F.2d 377, 381 (10th Cir. 1992).

50. Mr. Peavy was repeatedly informed that he was not eligible to receive disability benefits by representatives of R.E.S. but was not provided any information required under ERISA and its regulations.

51. Mr. Peavy, as an employee regularly working more than 30 hours per week, was entitled to receive long-term disability benefits.

52. Defendant Hanover Life Insurance never provided Mr. Peavy with an explanation of the denial of benefits.

53. Defendant Hanover Life Insurance never gave Mr. Peavy's request for benefits full and fair review, never provided Mr. Peavy with any explanation for the adverse determination, and never provided Mr. Peavy with applicable administrative remedies or appeals procedures.

54. The decision to deny Mr. Peavy long-term disability benefits was arbitrary and capricious, and was not the result of a principled process, was unreasonable, and was not consistent with the language or purpose of the disability benefits plan.

55. Mr. Peavy is entitled to recover benefits due to him under 29 U.S.C. §1332(a)(1)(B).

56. Specifically, Mr. Peavy is entitled to long-term disability benefits as outlined in the Disability Plan, specifically between $100, and $10,000 per month.

**SECOND CLAIM FOR RELIEF**
*(ERISA §1132(c)) – Against Defendant R.E.S.*

57. Plaintiff hereby incorporates by reference each and every other preceding paragraph, as though fully set forth herein.

58. Defendant R.E.S. Americas, Inc. is the named Plan Administrator under the Disability Benefit Plan.

59. Pursuant to 29 U.S.C. §1002(16)(A) Defendant R.E.S. is the plan administrator.

5

**Exhibit 1 - Plaintiff's Second Amended Complaint and Jury Demand**

60. Mr. Peavy, as an employee of R.E.S. Americas during his injury was a beneficiary or plan participant, with a colorable claim to long term disability benefits.

61. Mr. Peavy, through his attorneys, sent a written request for Plan Documents to the Plan Administrator on September 13, 2021.

62. On October 13, 2021, thirty days elapsed without Mr. Peavy being provided with the Plan documents which had been requested.

63. Mr. Peavy was not provided a copy of the Plan Document until the Defendant's Notice of Removal on May 9, 2022.

64. The time between October 13, 2021, and May 9, 2022, is two-hundred eight (208) days.

65. As a result of Defendant's failure to provide the requested information, Mr. Peavy suffered damages and was unable to pursue his rights and remedies provided under Defendants Plan.

66. Pursuant to 29 U.S.C. §1132(c)(1), Mr. Peavy is entitled to a statutory penalty in the amount of up to $100 a day as a result of the Plan Administrator's failure to provide such requested information.

## THIRD CLAIM FOR RELIEF
*Breach of Contract - Against Defendant R.E.S.*

67. Plaintiff hereby incorporates by reference each and every other preceding paragraph, as though fully set forth herein.

68. Mr. Peavy and Defendant R.E.S. entered into an employment agreement.

69. The agreement constituted a legal contract.

70. Multiple employment documents provided to Mr. Peavy, including Mr. Peavy's employee handbook, promised that all employees regularly scheduled to work over 30 hours per week would be eligible for short- and long-term disability benefits.

71. Under the terms of this employment agreement, Mr. Peavy was led to believe he was eligible for Short and Long-Term Disability benefits in exchange for Mr. Peavy's performance of his job duties at the direction of Defendant.

72. Defendant's employment documents constitute a promise to provide Short- and Long-Term Disability benefits if Mr. Peavy met the requisite 30 hours per week requirement.

73. Defendant relied upon this promise that he would be eligible for disability benefits in agreeing to employment with Defendant.

74. Defendant regularly scheduled Mr. Peavy to work for 30 hours or more per week.

75. Mr. Peavy regularly worked more than 30 hours every week.

76. Mr. Peavy fully performed his obligations under his employment contract.

77. When Mr. Peavy sustained injuries and attempted to claim his Short- and Long-Term Disability benefits, Defendant R.E.S. failed to perform its obligations under Mr. Peavy's employment contract.

78. Defendant then terminated Mr. Peavy's employment.

79. Defendant R.E.S. failed to perform its obligations by failing to properly investigate Mr. Peavy's claim for Short- and Long-Term disability benefits, failing to provide Mr. Peavy with an explanation for its denial of benefits, and failing to provide Mr. Peavy the benefits to which he was entitled.

80. Defendant failed to honor its promise to provide Short- and Long-Term disability benefits to Mr. Peavy, despite his catastrophic injuries.

81. Defendant's failure to honor its promise constituted a breach of its employment contract with David Peavy.

82. As a direct result of Defendant R.E.S.'s failure to honor its contractual promise, Mr. Peavy was unable to collect disability benefits when he became disabled.

83. As a result of being unable to collect disability benefits, Mr. Peavy suffered damages.

## FOURTH CLAIM FOR RELIEF
*Promissory Estoppel - <u>Against Defendant R.E.S.</u>*

84. Plaintiff hereby incorporates by reference each and every other preceding paragraph, as though fully set forth herein.

85. Defendant R.E.S. made a promise that it would provide short and long-term disability benefits to David Peavy if Mr. Peavy worked for Defendant R.E.S. as a crane operator.

86. Defendant R.E.S. should have reasonably expected that its promise to provide disability benefits would, at least in part, induce Mr. Peavy to accept an offer of employment and continue working for Defendant R.E.S. after accepting an offer of employment.

87. Mr. Peavy reasonably relied on Defendant's promise to provide disability benefits by working for Defendant R.E.S. and accepting the risks of employment with Defendant R.E.S.

88. As a result of Mr. Peavy's reliance on Defendant's promise, Mr. Peavy suffered damages.

## DAMAGES

89. As a result of Defendant R.E.S. bad faith actions and failure to perform its obligations under its employment contract, Mr. Peavy was unable to acquire financial support owed to him to help cover his substantial medical and living expenses.

90. As a direct result of Defendant's actions, Mr. Peavy suffered significant economic and non-economic damages.

WHEREFORE, Plaintiff David Peavy prays for judgment against Defendant Renewable Energy Systems Americas, Inc. <u>and Defendant Hartford Life and Accident Insurance Company</u> in an amount to fully compensate him for his damages and losses to be proven at trial, including but not limited to, economic damages and losses, costs, expert fees, all benefits owed to him pursuant to 29 U.S.C. §1132, including long-term disability benefits and a penalty of $100 per day during Defendant's failure to provide Plan documents pursuant to 29 U.S.C. 1132(c), all statutory interest provided under Colorado law, and any other relief this Court deems just and equitable.

## JURY DEMAND

**PLAINTIFF REQUESTS A TRIAL BY JURY OF SIX (6) PERSONS FOR ALL ISSUES SO TRIABLE.**

Dated June 20, 2022.

Respectfully submitted,

Sean T. Olson
Olson Law Firm, LLC

/*s/ Sean T. Olson*_____
Sean T. Olson, Esq. (#38017)
*Attorney for the Plaintiff David Peavy*

Phillip J. Meinkoth
Olson Law Firm, LLC

/s/ *Phillip J. Meinkoth*
Phillip J. Meinkoth, Esq. (#56838)
*Attorney for the Plaintiff David Peavy*